```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION

LEWIS T. HEWELL, III,

      Plaintiff,

v.                                  CASE NO:   8:15-cv-532-T-33

CAROLYN W. COLVIN,
Commissioner of Social Security,

      Defendant.
_____/
```

### ORDER

This cause comes before the Court pursuant to Plaintiff Lewis T. Hewell, III's Unopposed Application for Attorney Fees Under the Equal Access to Justice Act (Doc. # 22), filed on April 5, 2016. Plaintiff is seeking an award of $1,643.00 in attorney's fees. For the reasons that follow, the Court grants the motion.

### A.  **Eligibility for Award of Fees**

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, requires an award of attorney's fees and costs to any party prevailing in litigation against the United States, including proceedings for judicial review of Social Security Administration Agency action, unless the Court determines that the position of the United States was substantially justified or that special circumstances exist and make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

Under the EAJA, a party may recover an award of attorney's fees against the government provided the party meets five requirements: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the claimant had a net worth of less than $2 million at the time the complaint was filed; (4) the position of the government was not substantially justified; and (5) there are no special circumstances which would make an award unjust.  See 28 U.S.C. § 2412(d)(1) and (2).

**1.   Prevailing Party**

The Judgment in this case reversed the final decision of the Commissioner and remanded the case for further consideration pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g). (Doc. # 20).  "[A] party who wins a sentence-four remand order is a prevailing party." Shalala v. Schaefer, 509 U.S. 292, 302 (1993).  Thus, Hewell qualifies as the prevailing party in this action.

**2.   Timely Application**

The EAJA requires a prevailing party to file an application for attorney's fees within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). The thirty day clock did not begin to run in this action until this

Court's Judgment, entered March 28, 2016 (Doc. # 21), became final, which would have occurred at the end of the sixty day period for appeal provided under Rule 4(a)(1)(B), Fed. R. App. P. See Shalala, 509 U.S. at 302. Because Hewell's motion was filed on April 5, 2016, it is found to be timely filed.

### 3.  Claimant's Net Worth

Hewell's net worth meets the financial criteria of the act, as shown by his affidavit filed in support of his application to proceed in forma pauperis in this case. (Doc. # 2). In addition, Hewell also affirmatively represents that he meets the net worth criteria in the present Motion. Accordingly, the Court finds this requirement to be satisfied.

### 4.  Lack of Substantial Justification

The burden of proving substantial justification is on the government. Stratton v. Bowen, 827 F.2d 1447, 1450 (11th Cir. 1987). "Therefore, unless the Commissioner comes forth and satisfies his burden, the government's position will be deemed not substantially justified." Kimble ex rel. A.G.K. v. Astrue, No. 6:11-cv-1063, 2012 WL 5877547, at *1 (M.D. Fla. Nov. 20, 2012). In this case, the Commissioner does not dispute the issue of substantial justification. Thus, the Court finds that the government's position was not substantially justified.

### 5. **No Special Circumstances**

Finally, the Commissioner has not made a claim that any special circumstances exist that countenance against the awarding of fees. Accordingly, the Court finds no special circumstances indicating an award of fees would be unjust.

### B. **Amount of Fees**

Having determined Hewell is eligible for an award of fees under the EAJA, the Court now turns to the reasonableness of the amount of fees sought. Counsel requests an award of $1,643.00 in attorney's fees, representing 10.6 hours at an hourly rate of $155.00. (Doc. # 22 at 15).

The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125 per hour *unless* the Court determines an increase in the cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. § 2412(d)(2)(A).

The Court accepts Hewell's contention that a statutory cost of living adjustment in the hourly rate is appropriate. The Commissioner does not oppose the proposed hourly rate, and the Court finds the hourly rate of $155.00 is inherently reasonable.

Hewell's counsel seeks an award based on a total of 10.6

-4-

hours of attorney time. The Court believes 10.6 hours of attorney time is reasonable in this case. Therefore, the Court finds that the fee requested here is a reasonable and should be awarded.

C. **Payment of Fees**

The Supreme Court established in Astrue v. Ratliff, 130 S.Ct. 2521 (2010), that EAJA payments may be made directly to a plaintiff's attorney only in cases in which the plaintiff does not owe a debt to the government and the plaintiff has assigned the right to EAJA fees to her attorney. Accordingly, Hewell does not request payment of the EAJA fees directly to his counsel at this juncture but instead posits that after the Court grants the motion for attorney's fees, the Commissioner will determine whether Hewell owes a debt to the government. (Doc. # 22 at 5). If Hewell does not owe any such debt, Hewell requests that the Commissioner accept Hewell's assignment of EAJA fees and pay the fees directly to his counsel. As such, the Court will leave to the parties the determination of to whom the fees shall be paid.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Lewis T. Hewell, III's Unopposed Application for Attorney Fees Under the Equal Access to Justice Act (Doc.

# 22) is **GRANTED** in the amount of $1,643.00.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>11th</u> day of May, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE
